48 COURT OF COMMON PLEAS.

The Newark India Rubber Manufacturing. Co. *v.* Bishop.

that, if there was, counsel would have brought it to our notice.

My conclusion is, that the order appealed from must be reversed, and a new trial be denied with costs.

INGRAHAM, FIRST J., concurred.

Order allowing a new trial reversed.

THE NEWARK INDIA RUBBER MANUFACTURING COMPANY *v.* JOHN C. BISHOP, and another.

As a general rule, in order to charge an endorser upon a note payable at a bank, a presentment must be made during the regular banking hours.

If the bank is open, a presentment after business hours is sufficient, if made to a clerk in the bank, who examines the account of the maker, and replies that there are no funds. *Per* INGRAHAM, FIRST J. But, *per* WOODRUFF, J., *contra*, where the holder neglects to make presentment until after the usual business hours, he runs the hazard of finding at the bank a person *authorized to pay it*, if the funds are provided, or authorized to refuse, if they are not.

Where the funds are in fact provided at the bank, and after the usual time for the presentment of notes, and after business hours, the note is presented there to a clerk, who has no control of the funds, and who therefore, cannot pay it, the presentment is not sufficient, although the clerk, not being aware that the funds were there, answered to the demand, "No funds," and although, if he had been aware that the funds were provided, he might have certified on the note that it was good. The sole reason why the note was not paid, being, that it was not presented within the usual hours nor to a person having authorized to pay the presentment is not sufficient. *Per* WOODRUFF, J., INGRAHAM, FIRST J., *contra*.

Where an endorser, who keeps an account in the bank wherein the note is payable, leaves a check with the teller, directing him to take up the note; the teller is his agent and not the agent of the bank, and the bank is not answerable, in case the teller, having placed the check in his private drawer, neglects to take up the note.

Where the circumstances, referred to in the above notes, were proved to a jury, and the case was submitted to them upon a charge containing no error to the prejudice of the endorser, and it further appeared that the latter, upon learning that the note was not presented until after business hours, withdrew the money provided by him for the payment of the note; it was *held*, that a verdict found against him should not be set aside, although the presentment should be deemed so defective, as to entitle him to relief in case he could have suffered any injury by such defect.

THE defendants were sued as endorsers upon a promissory note. The evidence in the case disclosed the facts which are detailed in the opinion of INGRAHAM, FIRST J., and the additional fact referred to at the commencement of JUDGE WOODRUFF's opinion. At the trial, the jury were instructed as follows :

" If funds were provided and set apart to pay the note, and if it was not paid for the reason that the note was not presented for payment in the usual business hours of the bank, the endorsers are discharged.

" A presentment of the note for payment at the bank, but not within the usual business hours, to a clerk who could not pay the note, is not a good presentment which will hold the endorser.

" It is not enough that the clerk to whom at such a time the presentment is made, have power to bind the bank to pay the note by certifying in writing on the note that it is good.

" In order to make a presentment at such a time, a sufficient one, the person to whom it is made must have the power to pay the note and to take it up, by actual payment to its holder of funds that are provided in the bank for that purpose."

The jury returned a verdict for the plaintiffs. The defendants moved, at special term, for a new trial, which was granted in respect to the defendant Griffith, but denied to the defendant Bishop, and the latter then brought this appeal.

*John Cochrane,* for the defendants, cited *Cayuga Co. Bank* v. *Hunt,* 2 Hill, 638 ; Chitty on Bills, 421 Am. ed., 1839 ; *Wolcott* v. *Van Santvoord,* 17 J. R. 248 ; *Bank of Utica* v. *Smith,* 18 J. R. 230, 239 ; 3 Bos. and Pul., 599 ; 7 East, 385 ; *Parker* v. *Gordon,* 1 Maule and Selwyn, 28 ; *Whitwell* v. *Johnson,* 17 Mass. 449, 452.

*Wm. F. Clarke* and *Daniel E. Sickles,* for the plaintiffs.

INGRAHAM, FIRST J.—This action is brought upon a note made payable at the Bowery Bank one month after date.

Both of the defendants are sued as endorsers. The defence was, that no proper demand of the note had been made at the bank.

Upon the trial it appeared that the note had been protested by a notary, and the usual certificate of demand and service of notice of protest was given in evidence.

The service of notice of protest on Bishop, was proven by additional testimony to have been on the day after the note became due.

On the part of the defence it appeared that the maker and defendant Bishop both had accounts in the bank when the note became due, but that the maker had not sufficient funds to his credit to take up the note; that the defendant Bishop, on the day the note became due, left his check with the paying teller to take up the note, if presented; that such check was not passed to the credit of any one, but remained in the possession of the paying teller, and so remained in his possession about two days; that the note was not presented to him for payment during banking hours, and that he left the bank a little after 3 P. M.

In addition to the proof of demand by the notary, a clerk in the Manhattan Bank, where the note was held for collection, testified that he presented it for payment at the Bowery Bank, on the day it became due, between five and six o'clock P. M.; that he saw one of the clerks there, who, on the demand of payment being made, examined the ledger, and replied there were no funds.

It was proven that the clerks at the desk where the note was presented had authority to certify the note as good, if there were funds in the bank for that purpose, although they could not obtain the money for the purpose of payment. As between banks, however, such a certificate would have been equivalent to cash, and have rendered the protest unnecessary.

Upon the trial of the cause, the jury found against the defendants. No objection was made to the judge's charge, which was strongly in their favor. On a motion for a new

The Newark India Rubber Manufacturing Co; v. Bishop.

trial, the judge before whom the cause was tried granted a new trial as to one defendant, and denied it as to the defendant Bishop; who appealed to the general term.

It must be conceded that the paying teller of the Bowery Bank, on receiving this check, was acting as the agent of the defendant Bishop, and not of the bank.

The fact that the money was not deposited with the bank, and that it was not even left by the maker for the purpose of paying the note, shows that the bank was not employed for the purpose. The bank could not be liable for the negligence of the teller, if he had been guilty of negligence, nor for the money, if it had been lost. (*Thatcher* v. *Bank of State of N. Y.* 5 Sandf. S. C. R. p. 131.)

The question then arises whether the presentment after banking hours was sufficient to charge the endorser. Ordinarily speaking, the rule, as laid down by the judge on the trial, is correct, viz. that the holder of the note should present it at the bank within the usual business hours, and if not so presented for payment, the endorsers are discharged. If after business hours the bank should be closed, so that a demand could not be made at the bank for the payment of the note, the rule would be correct. (*Parker* v. *Gordon*, 7 East, 385.)

But if after banking hours the demand had been made at the bank of the paying teller, I think it can hardly be doubted that such demand would have been a good one. And whether made of the paying teller, or of any other person left in charge of the bank who would undertake to give an answer, I think such demand equally sufficient to bind the endorser.

A similar question arose in *Garnett* v. *Woodcock*, 1 Stark. 475, 6 M. and S. 44, in which case a bill payable at a banker's was presented late in the evening, after banking hours, to a boy in charge of the bank, who returned for answer, "no orders." The defendant contended this was not a sufficient demand, but Lord Ellenborough held that although bankers do not pay at so late an hour, still if a person be left at the banking-house who gives a negative answer, there is no difference between that case and a presentment at a merchant's. And

"if there be a presentment in the evening, and the party is ready to give an answer, he does all that is necessary. "The banker returned an answer by the mouth of the servant, and *non constat* but that he was stationed there for the express purpose." (2 Chitty R. 125; 2 B. and Adol. 188; 2 Camp. 527; 1 Stark. R. 114.)

The principle of the case of *Garnett* v. *Woodcock*, above cited, establishes the demand of the note in suit to have been sufficient. The case is stronger than the one referred to; inasmuch as the presentment here was to a clerk who examined the account of the maker, and who had authority to certify the note as good, if the account had warranted him in so doing. It appears to me that the demand was sufficient to charge the endorsers.

There is no opinion among the papers by which we can see the cause for setting aside the verdict as to one defendant (Griffith) and not the other. So far as this question in regard to the demand of payment is relied on, it furnished no good ground as to either defendant. I cannot see that the fact of placing a check in the bank to meet the note, if presented, could alter the defendant Bishop's liability. That rested upon the endorsement, subject to be defeated, if the holder of the note did not duly demand payment and give notice of non-payment. If I am correct as to the sufficiency of the demand, it is very immaterial whether the endorser left a check at the bank for the payment of the note or not. It did not relieve the holder from the necessity of presentment, or of giving notice.

The deposit of a check with the paying teller was no more than placing it with any other clerk or agent of the defendant with directions to take up the note, if offered.

The failure to take it up, when presented, was the failure of his own agent, and not of the bank, and the consequences, in my judgment, do not in any way affect the liabilities or obligations of the parties to the paper.

The order appealed from should be affirmed.

WOODRUFF, J.—I did not feel called upon to order a new

trial in this case in favor of the appellant Bishop, who had himself withdrawn the money provided to meet the note. He knew that the maker would not pay the note as early as the morning of the day it became due, for he had himself undertaken to provide funds for its payment. On learning that the note was not presented till after business hours, he himself takes the money which had been set apart for the use of the plaintiff, and appropriates it. Under such circumstances, the jury having rendered a verdict against him on the trial, I did not think, and do not now think, that the court should set that verdict aside as against evidence for his benefit, and to enable him to keep that money, when he has not been in any manner or by any possibility injured by any defect in the presentment.

The case of the defendant Griffith is very different. It is an undisputed fact that if the note had been presented at the bank within the usual business hours it would have been paid. It is equally clear that at the time the note was presented, there was no person in the bank who could pay it. The undertaking which the note and its indorsements imported was, that there should be at the bank during the usual hours of business on that day, funds in the hands of proper persons competent to pay them over, sufficient and ready to meet that note. Not that every person who might be employed about the bank, from the president down to the porter, and who might happen to be in the bank after it was closed, should at all hours so long as the door was unlocked be ready to pay the note.

I do not question that there may be a good presentment at bank after banking hours, by which I mean after the hour until which banks are open for the purpose of paying notes which may be presented. But I think that he who delays presentment till after that hour, takes the risk of finding at the bank a person who can pay the note if the funds are provided, or who is authorized to refuse if they are not.

The case of *Garnett* v. *Woodcock*, 1 Stark. 475, which has been referred to in support of the sufficiency of this presentment, proceeds upon the distinct ground that if a banker ap-

point a person to attend in order to give an answer, a present-ment would be sufficient if made before 12 o'clock at night, and that in that case it did not appear but the person was stationed there for that express purpose; while the general rule that presentment must be made within the usual hours, is not at all repudiated but rather affirmed by that same case, and see *Parker v. Gordon,* 7 East, 385; *Barclay* v. *Bailey,* 2 Camp. 527; *Wilkins* v. *Jadis,* 2 B. and A. 188; *Elford* v. *Teed,* 1 M. and S. 88; *Bank of Utica* v. *Smith,* 18 J. R. 230.

In this case it does affirmatively appear that the person to whom the presentment was made was not stationed there to give an answer. The funds were there, but he could not pay the note. Had he known that the funds were there, provided for the express purpose, still he could not pay the note, so that it was by reason of the omission to present within the usual hours, and for that cause alone, that the note was not paid at its maturity. I think that the charge was in this respect correct.

DALY, J., concurred in affirming the order, but wrote no opinion.

Order affirmed and a new trial denied.